UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIORGINO HUERTA,<br><br>        Plaintiff,<br><br>   v.<br><br>TIM VIRGA,<br><br>        Defendant. | No. 2:17-cv-2270 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and a request for appointment of counsel. Plaintiff challenges the alleged failure of Tim Virga, former Warden of California State Prison-Sacramento (CSP-SAC), to timely process plaintiff's mail during his prior incarceration at CSP-SAC. Plaintiff is currently incarcerated at the California Health Care Facility (CHCF) in Stockton.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, this court recommends the dismissal of this action without leave to amend, and the denial as moot of plaintiff's requests to proceed in forma pauperis and for appointment of counsel.

////

## II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement (although unverified) that make the showing required by 28 U.S.C. § 1915(a). Nevertheless, because this court recommends dismissal of this action without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

## III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

   IV.   Screening of Plaintiff's Complaint

      A.   Allegations of Plaintiff's Complaint

The three-page form complaint, without exhibits, makes the following allegations against sole named defendant former Warden Virga, see ECF No. 1 at 3:

> I was working on my appeal of murder charge and for family visits for lifers in 2009 while in New Folsom Prison [CSP-SAC]. My legal mail was held for 2-3 years to politics, courts, attorneys. The Warden Tim Virga from New Folsom Prison in Sac, Cal. wrote me April 20, 2012 that mail was barely send [sic] after 3 years. I was aware five different pieces of mail, legal mail was not send out.

Plaintiff seeks $4,420,000.00 in damages "for the trouble" and suggests "the judge deal with defendant Tim Virga." Id. Plaintiff avers that he filed a relevant administrative appeal that was "accepted at the First Level [on] 8-28-12." Id. at 1.

      B.   Failure to State Cognizable Claim

The court takes judicial notice[1] of the fact that, in 2012, Warden Virga notified CSP-SAC inmates and this court of the discovery that, during the preceding months, the processing of several pieces of prisoner mail had been delayed by the misconduct of mail room staff. See e.g. Rasheed v. Dep't of Justice, 2013 WL 528499, at *1 (E.D. Cal. Feb. 11, 2013) (Case No. 2:10-CV-00013 DAD P). This period coincides with the allegation that Warden Virga notified plaintiff in April 2012 of the delay in processing five pieces of his mail.

However, this information and the notice received by plaintiff are relevant only for the purpose of demonstrating due diligence within this limited time period. See e.g. Rasheed, supra (court found timely plaintiff's motion filed several months after it was metered at CSP-SAC).

In the present case plaintiff avers that during the two-to-three-year period ending in April

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

2012, five pieces of his "legal" mail, addressed to politicians, courts and attorneys, were not timely mailed. Other than the "trouble" this reportedly caused plaintiff, he fails to allege any specific resulting prejudice, particularly as to any legal action previously pending before this court. To state a cognizable claim for denial of access to the courts, a prisoner must allege "actual injury" in the pursuit of a nonfrivolous legal claim, such as having his complaint dismissed for "for failure to satisfy some technical requirement" or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied . . . that he was unable even to file a complaint." Lewis v. Casey, 518 U.S. 343, 351 (1996). In the absence of "actual injury," plaintiff's allegations fail to support a cognizable claim.

Moreover, plaintiff concedes that the matters of which he complains occurred more than five years ago, and thus are likely barred by the statute of limitations. Additionally, plaintiff appears to concede that he did not exhaust his administrative remedies on any of these matters, a perquisite for pursuing a civil rights action. See 42 U.S.C. § 1997e(a).

Finally, liability may not be imposed on former CSP-SAC Warden Virga based upon his supervisorial responsibilities alone. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–08 (9th Cir. 2011). Plaintiff does not so allege, and cannot plausibly do so in light of the former Warden's attempts to remedy the mail processing problems upon their discovery.

For these several reasons, the court finds no potentially cognizable civil rights claim in the instant complaint.

          C.     Amendment Would Be Futile

The court further finds that amendment of the complaint would be futile. The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. California Department of Corrections and Rehabilitation, 707 F.3d

4

1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

V. Request for Appointment of Counsel

Plaintiff requests appointment of counsel in this case on the grounds that he is indigent, "illiterate or of non-English speaking status," and has both learning and mental disabilities. See ECF No. 5.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff, and circumstances common to most prisoners do not meet this threshold.

Because plaintiff is unable to state a cognizable claim based on the factual allegations he challenges, he also fails to demonstrate exceptional circumstances authorizing the appointment of counsel. However, because this court recommends dismissal of this action without leave to amend, the court recommends that plaintiff's request for appointment of counsel be denied as moot.

VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this case.

Further, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend for failure to state a cognizable claim for relief, see 18 U.S.C. § 1915A;

2. Plaintiff's request to proceed in forma pauperis, ECF No. 3, and request for appointment of counsel, ECF No. 5, be denied as moot; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: November 1, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE